IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| D & L TRANSPORTATION SERVICES, INC., a South Carolina Corporation, | ) ) ) | |
| Lead Plaintiff, | ) ) | Case No. 05-117-KI |
| vs. | ) ) | OPINION AND ORDER |
| ALBINA COMMUNITY BANK, an Oregon Chartered Bank, | ) ) ) ) | |
| Defendant. | ) | |

    John P. Manning
    8196 S. W. Hall Boulevard, Suite 203
    Beaverton, Oregon 97008-6412

        Attorney for Lead Plaintiff

    Robert E. Maloney, Jr.
    Lee C. Nusich
    Lane Powell PC
    601 S. W. Second Avenue, Suite 2100
    Portland, Oregon 97204-3158

        Attorneys for Defendant

KING, Judge:

D & L Transportation Services, Inc. ("D&L"), a federally licensed transportation broker, brings suit against Albina Community Bank ("Albina"), alleging breach of contract, conversion, fraud, breach of fiduciary duty, breach of covenant of good faith and fair dealing, and negligent supervision. Before me is Albina's Motion to Dismiss (#4).

**FACTS**

Donovan Banks ("Banks"), who was employed with Albina as a personal banker, contacted the Federal Motor Carrier Safety Administration ("FMCSA") of the United States Department of Transportation and requested that Albina be qualified as a depository institution to hold the trust funds that transportation brokers, like D&L, need to deposit in order to comply with federal regulations. This security is meant to ensure the financial responsibility of the broker by providing for a means of payment to shippers or motor carriers if the broker fails to otherwise carry out its financial responsibilities to them.

Once Albina was qualified by the FMCSA, Albina would be given an individual account number and a password for access to the FMCSA computer. Then, any time a trust fund was set up, Albina merely had to log on to the FMCSA computer and electronically file a form called a "BMC 85" with the FMCSA. This electronic form would confirm that a trust fund had been set up at Albina for a specific transportation broker in the required amount and the FMCSA could then issue a license to the broker.

Banks had no authority to request that Albina be qualified as a depository institution. Banks requested the qualification at the request of an acquaintance, Larry L. Jackson, Sr. ("Jackson"). Jackson had set up a corporation called Pacific Northwest Financial Services, Inc.

("Pacific") to assist transportation brokers in acquiring the necessary security deposits. D&L gave Jackson $10,495, of which $10,000 was for the trust fund and $495 was for Jackson's "fee." Jackson then pocketed the $10,495 and, using Albina's account number and password, electronically filed a BMC 85 form with the FMCSA indicating that a trust fund in the amount of $10,000 had been set up at Albina.

In September 2003, Albina received an invoice from the FMCSA requesting fees charged by the FMCSA for each of 34 trust fund accounts which had supposedly been established at Albina as security for various transportation brokers. Albina immediately contacted the FMCSA and notified the agency that no accounts had been established at the bank. On October 29, 2003, the FMCSA canceled the BMC 85 filing made on behalf of D&L. D&L had to find another financial institution and post an additional $10,000 cash deposit in order to secure a replacement BMC 85 filing, so that D&L could resume its transportation brokerage business.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

## DISCUSSION

Albina brings a motion to dismiss for lack of subject matter jurisdiction. D&L alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 because "[t]his action pertains to the

statutory duty of federally licensed transportation brokers to maintain surety bonds or trust fund agreements on file either physically or electronically" with the FMCSA. Complaint, ¶ 1

Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Untied States." Albina asserts that plaintiff is attempting to fabricate subject matter jurisdiction out of state law claims.

D&L relies on Milan Express v. Western Surety, 886 F.2d 783 (6th Cir. 1989). That case involved the existence of federal question jurisdiction in a dispute between motor carriers and the sureties of property brokers regarding the proceeds of surety bonds, created on federal forms, administered under federal regulations and required by federal statute. The court stated, "The historical federal interest in the regulation of interstate commerce persuades us that plaintiffs' claims for recovery under the bonds, which are clearly creatures of federal law, should . . . be heard in a federal forum that possesses substantial expertise in matters of interstate commerce." Milan Express, 886 F.2d at 787.

In contrast, D&L neither alleges that federal law created its causes of action nor asserts a compelling federal interest. Instead, D & L's claims involve only an element of federal law in its claims, which are premised on state law causes of action. Millers Nat'l Ins. Co. v. Axel's Express, Inc., 851 F.2d 267, 270-71 (9th Cir. 1988) (no federal question jurisdiction over a dispute about insurance coverage of an accident involving an interstate motor carrier regulated under federal law). Accordingly, this court does not have subject matter jurisdiction over D&L's complaint.

///

## CONCLUSION

Based on the foregoing, Albina's Motion to Dismiss (#4) is granted and D&L's Complaint is dismissed.

IT IS SO ORDERED.

Dated this     9th     day of May, 2005.

                                       /s/ Garr M. King
                                      Garr M. King
                                      United States District Judge